IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SENTEGRA, LLC,

    Plaintiff,

  v.

ASUS COMPUTER INTERNATIONAL,

    Defendant.

No. C 16-03136 WHA

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

ASUS Computer International moves to file under seal documents submitted in support of its pending motion for sanctions, including (1) billing invoices attached as Appendix A to the Declaration of Li Chen (Dkt. No. 87-3), (2) billing invoices attached as Exhibits 1–10 to the Declaration of Joshua Masur (Dkt. Nos. 87-6–87-15), and (3) portions of the Masur Declaration (Dkt. Nos. 87-4–87-5).  ACI claims its invoices "are generally not public and may put the law firms at a competitive disadvantage if made public," and that portions of the Masur Declaration "relate to non-public information, including information that is excluded from ACI's calculation of fees" (Dkt. No. 87 at 3).  Sentegra opposes the motion.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  Thus, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted).  In considering requests to seal judicial records, courts apply a "compelling reasons" standard to documents attached to dispositive motions and a "good cause" standard to documents attached to non-dispositive motions.  *Id.* at 1180–81.

1   Here, both sides agree the good cause standard applies (Dkt. Nos. 87 at 2, 92 at 1).  Good cause
2   requires a "particularized showing" that "specific prejudice or harm will result" if the
3   documents are made public.  *Kamakana*, 447 F.3d at 1180; *Foltz v. State Farm Mut. Auto. Ins.*
4   *Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  "[B]road, conclusory allegations of potential harm"
5   are insufficient.  *Foltz*, 331 F.3d at 1130–31.

6   Here, ACI has not shown good cause.  Importantly, ACI does not claim attorney-client
7   privilege over any of its submitted materials (Dkt. No. 94 at 2).  The mere fact that ACI's
8   invoices and billing information are "*generally* not public" (Dkt. No. 87 at 3, emphasis added)
9   does not establish sealability.  *See Kamakana*, 447 F.3d at 1178.  Nor do ACI's vague and
10  skeletal assertions that public access to its invoices *may potentially* place its law firms "at a
11  competitive disadvantage" (Dkt. Nos. 87 at 3, 94 at 2) show with particularity that "specific
12  prejudice or harm will result."  *See Kamakana*, 447 F.3d at 1180.  Such assertions are precisely
13  the type of "broad, conclusory allegations of potential harm" our court of appeals has deemed
14  inadequate to establish good cause.  *See Foltz*, 331 F.3d at 1130–31.  ACI suggests that
15  "making public the billable time entries in the sealed invoices *could* reveal information about
16  the manner in which the law firms approach matters and litigate cases" (Dkt. No. 94 at 2,
17  emphasis added).  This suggestion, however, is speculative and lacks explanation.  ACI does
18  not identify with particularity any specific entries likely to harm a firm's competitive advantage
19  by revealing "sensitive information" about confidential litigation strategy (*see* Dkt. No. 87-1 at
20  2).  The Court's own review of ACI's submitted invoices also revealed no such entries.  This
21  order therefore concludes ACI has not shown good cause as required by *Kamakana*.[*]

22  Additionally, the Court notes that ACI initially put the contents of its billing records at
23  issue by bringing its motion for sanctions.  Moreover, ACI volunteered the documents it seeks
24  to seal — it claims the documents were unnecessary to decide the motion for sanctions in the
25  first place (Dkt. Nos. 87 at 3, 94 at 2–3).  Under these circumstances, ACI's attempt to show

---

27  [*] ACI's arguments are especially unpersuasive as to its voluminous billing invoices, which ACI seeks
28  to seal in their entirety (*see* Dkt. No. 87 at 2).  *See also* L.R. 79-5(d) (a party seeking to file a document under seal must submit both redacted and unredacted versions of that document unless the party seeks to file the entire document under seal).

2

good cause is all the more unpersuasive. To be clear, the Court agrees with ACI that it "should not be punished for being forthcoming or for going above and beyond the minimum required" (*see* Dkt. No. 94 at 3). But ACI should also not expect special permission to file unsealable documents under seal simply because it was exceptionally enthusiastic in attempting to prove up the amount of the very fees it seeks. If relief is ultimately granted on ACI's motion for sanctions, the public has a right to know the basis on which the Court granted that relief.

ACI's motion to seal its billing records and portions of the Masur Declaration is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: December 14, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3