IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SENTEGRA, LLC,

    Plaintiff,

  v.

ASUS COMPUTER INTERNATIONAL,

    Defendant.

No. C 16-03136 WHA

**ORDER DENYING MOTION FOR SANCTIONS AFTER EVIDENTIARY HEARING**

    Now follows the story of an everyday exchange between attorneys over extending a civil action deadline that escalated to a finger-pointing sanctions controversy, then to an evidentiary hearing to determine which lawyer was telling the truth.

    This patent infringement action arrived in our district from the Southern District of New York, whereupon plaintiff Sentegra, LLC, a Delaware company, voluntarily dismissed it. Defendant ASUS Computer International, a California corporation, then served a motion for sanctions based on accusations that Sentegra had (1) brought a baseless lawsuit, (2) chosen an inconvenient venue for ACI, and (3) broken an agreement to postpone discovery, contending Sentegra's "real goal was to exert litigation pressure so that it [could] extract a settlement" rather than litigate the case on its merits (*see, e.g.*, Dkt. No. 88 at 11).

    Following a hearing on the motion in San Francisco, the Court held an evidentiary hearing on the issue of the alleged discovery misconduct to resolve the finger-pointing and factual disputes. Attorneys for both sides testified and had the opportunity to cross-examine each other under oath. This order now sets forth the Court's findings and conclusions.

1         \*      \*      \*

Sentegra filed an action for patent infringement against ACI in the Southern District of New York before Judge Gregory Woods (Dkt. No. 1). Sentegra was and remains represented by the firm of Kroub, Silbersher & Kolmykov PLLC from New York.

ACI moved to dismiss for improper venue or transfer venue to the Northern District of California (Dkt. No. 31). While the motion was pending, Judge Woods approved a joint request to modify the case schedule but stated, "The Court is not granting a stay of discovery" (PX 31). Nevertheless, in October 2015 Attorney Gaston Kroub for Sentegra emailed Attorney Joshua Masur, former counsel for ACI, to say, "we are amenable to a continued adjournment between us of all discovery-related deadlines . . . . Does that work for ACI?" Attorney Masur replied, "Yes, that works for ACI" (PX 24).

In December 2015, the firm of Chen Malin LLP from Dallas substituted in as counsel for ACI (*see, e.g.*, Dkt. No. 91-6).

By March 17, the motion to dismiss or transfer remained undecided, so Attorney Kroub for Sentegra emailed Attorney Li Chen for ACI, "see [attached] a draft letter we would like to consider submitting jointly to Judge Woods with respect to the fact discovery deadline of September 2, in light of the lengthy delay with respect to the motion to transfer/dismiss filed by ACI. We think an extension is warranted, and are interested in ACI's position" (PX 3).

Attorney Chen replied, "We will review Sentegra's letters and respond with our views. In the meantime . . . since my involvement . . . began fairly recently, can you let me know whether ACI and Sentegra had any agreement to stay discovery despite the Court's order" (DX 2).

On March 18, Attorneys Kroub and Chen spoke over the phone, followed by an email from Attorney Kroub to Attorney Chen. Here is the passage at the heart of the sanctions motion (*ibid.*; Tr. 12:12–12:17):

> With respect to the New York [*sic*], the parties have previously acted as if a stay was in place. For example, neither side has served any discovery at all . . . . The impetus for our suggestion that we ask the Court to extend the discovery deadline is that the timing of his decision on the motion is uncertain, and we assume

> neither side wants to expend resources on starting discovery now to make sure we avoid issues with a September 2 deadline.

Significantly, Attorney Chen did not express agreement in his reply to this statement. Instead, on March 24, he opposed the extension via email (PX 4) (bold and underline in original):

> ACI believes that discovery should be streamlined, that ample time remains for the parties to conduct discovery, that there is no need to extend the fact discovery deadline, and that the proposed letter to the Court is inappropriate given that the Court previously instructed the parties that discovery has not been stayed and stated that the parties may not adjust the discovery deadline. That said, if the Court is inclined to revise the discovery schedule, ACI does not object. To remove any doubt, ACI is **not** joining in Sentegra's request.

In the same email, Attorney Chen counter-proposed:

> [W]e believe Sentegra should first pursue the depositions of the defendant and, separately, Google and other third parties, before determining whether depositions in Taiwan are necessary. To the extent Sentegra would like to initiate the letters rogatory process now (because that process can take some time), ACI will not oppose such a request if it is tailored to suit the facts of this case (e.g., explaining in the petition that Sentegra will first attempt to obtain its discovery from Google and ACI, and, if it needs to pursue depositions in Taiwan, Sentegra is willing to depose just one individual over the course of a single day (through an interpreter) on a limited set of reasonably defined topics).

On March 29, Attorney Kroub for Sentegra replied, "thanks for letting me know that ACI does not object (and does not join) to Sentegra's request for an extension of the fact discovery deadline. Attached for your review and comment is a revised draft letter to the Court that we intend to submit on Friday — so please provide comments before then." The same email said Sentegra "share[d] ACI's desire for streamlined discovery" and stated, "with respect to the discovery proposals you make below regarding testimony from [ACI], we will consider those proposals in due course. As an initial matter, Sentegra is interested in seeing Judge Wood's [*sic*] reaction to our request for an extension of the fact discovery deadline" (PX 5).

The next day, Attorney Chen for ACI replied, "We do have reservations about the proposed letter, and have incorporated language to delineate those concerns" (DX 3). Language that Attorney Chen added to the draft letter motion included:

> [ACI] believes that ample time remains under the existing schedule for the parties to conduct and conclude discovery, and that this submission is not well-founded. For these reasons Defendant does

3

>   not join in Plaintiff's letter request. That said, Defendant does not oppose Plaintiff's proposed extension if the Court sees merit in the request.

Attorney Kroub responded the same day with another revised draft. His email stated in relevant part, "We have preserved your comments on the request for extension, and moved them down to the proper place. See attached" (DX 4).

On April 1, Sentegra submitted a letter to Judge Woods faithfully including ACI's objection in the last paragraph quoted below (PX 11):

>   Sentegra requests that the Court order an extension of the deadlines in the current Scheduling Order. Sentegra is mindful that the Court has expressly not stayed discovery in this case. However, given the current stay of infringement and invalidity contentions, Sentegra requests that the deadline for fact discovery be set to expire six months after the Court's order on Defendant's motion to dismiss and/or transfer . . . . This will afford the parties sufficient time to complete discovery, which is not currently stayed, after propounding infringement or invalidity contentions, which are currently stayed. Without an extension of fact discovery, then the possibility currently exists that fact and expert discovery may end before the *Markman* hearing in this case occurs.
>
>   This is the first request for an extension of the fact discovery deadline. Sentegra has conferred with Defendant in connection with this request. Defendant believes that ample time remains under the existing schedule for the parties to conduct and conclude discovery, and that this submission is not well-founded. For these reasons Defendant does not join in Plaintiff's letter request. That said, Defendant does not oppose Plaintiff's proposed extension if the Court sees merit in the request.

On April 4 at 2:21 p.m. EDT, Judge Woods granted the motion.

Less than two hours later, Sentegra's counsel propounded 58 requests for production and five interrogatories via email to ACI's counsel (PX 12). Sentegra's counsel had begun preparing them after receiving Attorney Chen's email on March 24 opposing Sentegra's proposed extension request and counter-proposing an approach to commencing discovery.

On April 6, Attorney Chen replied that "ACI [was] in the process of reviewing Sentegra's requests and preparing responses" (PX 13).

On April 12, Attorney Chen wrote a letter to Attorney Kroub to "note [ACI's] concern with Sentegra's conduct in this matter." That letter read in relevant part (DX 8):

4

> We were also dismayed by Sentegra's conduct after receiving Judge Woods' Order granting Sentegra's request to extend fact and expert discovery deadlines. As you know, when Sentegra approached ACI to discuss jointly requesting extensions in discovery deadlines, Sentegra did so on the premise that an extension would allow the parties to defer litigation costs/expenses. But within hours of receiving the Court's Order granting the requested extensions, Sentegra served multiple sets of discovery (including some that appear to violate the rules in this district). Insofar as we can determine, Sentegra's discovery requests are designed to expedite the litigation schedule in our case so that ACI would incur substantial additional fees . . . .

A footnote to the foregoing passage added, "ACI did not believe such an extension was necessary, but did not oppose Sentegra's requested relief because ACI would also benefit from deferring litigation costs that come with an extended schedule." Notably, the letter did not claim there had been an agreement to postpone discovery, only that the "premise" of Sentegra's approach to ACI was to postpone discovery.

In his response letter on April 13, Attorney Kroub wrote (DX 9):

> You state: "when Sentegra approached ACI to discuss jointly requesting extensions in discovery deadlines, Sentegra did so on the premise that an extension would allow the parties to defer litigation costs/expenses." That is false. The draft letter to Judge Woods — which we expressly asked you to join — explicitly set forth the basis for requesting an extension of the discovery period. . . . And on that basis, Judge Woods granted the request.

The same day, Attorney Chen emailed Attorney Kroub, "ACI has prepared a follow-up letter to Judge Woods to address certain omissions from Sentegra's April 1 letter to the Court. . . . Please advise if Sentegra has any comments or concerns" (PX 17). Then, on April 14, Attorney Chen responded via email to Attorney's Kroub's April 13 letter (PX 19):

> I do not have a written record of our telephone conference concerning why Sentegra was submitting the letter brief to extend the discovery schedule. But your statement, made over the phone, that an extension would allow the parties to defer incurring litigation expenses is the reason why ACI did not oppose Sentegra's requested extension.

On April 15 at 5:16 p.m. EDT, Attorney Chen filed a letter to Judge Woods "to inform the Court of developments in several related Sentegra litigations." The letter referenced "Sentegra's April 1, 2016 submission to this Court requesting an extension of the discovery

5

schedule" but did not mention any dispute regarding a purported agreement between counsel or Sentegra's subsequent propounding of discovery (PX 20).

At 6:21 p.m. EDT the same day, Attorney Kroub emailed Attorney Chen (PX 19):

> I am not denying that one of the factors that contributed to Sentegra's desire to extend the discovery schedule was to allow both parties to avoid incurring unnecessary discovery expenses. But your proposed letter to the Court incorrectly made it seem that such a desire was the driving reason behind Sentegra's request. It was not — the reasons articulated in our letter to the Court were. A welcome consequence of the granted extension is that the parties will save unnecessary discovery expenses, such as the need to perhaps conduct duplicative future discovery if we were forced to finish fact discovery before our contentions would be due.

On June 1, Judge Woods granted ACI's motion to transfer the case here (Dkt. No. 63). On August 29, after the action landed on our docket, Sentegra filed a notice of voluntary dismissal (Dkt. No. 84). ACI then brought this sanctions motion (Dkt. No. 88). At the initial hearing, counsel for both sides gave very different accounts of the events leading up to Sentegra's April 1 extension request, so the Court set an evidentiary hearing wherein counsel would testify and cross-examine each other under oath. The Court's findings are above. Conclusions (and a few more findings) now follow.

\*           \*           \*

The October 2015 email exchange between Attorneys Kroub and Masur (PX 24) constituted a clear-cut agreement to postpone all discovery-related deadlines pending resolution of the motion to dismiss or transfer. This was intended to informally relieve both sides of the formal deadlines in Judge Woods's scheduling order, as amended by his September 23, 2015, order (*see* PX 31). A deadline by which to complete discovery, however, is different from a start date on which to begin discovery. The flexibility afforded by the agreement between Attorneys Kroub and Masur would not have precluded either side from serving discovery earlier — it simply allowed later service as well.

Counsel for ACI now showcases the October 2015 email exchange as proof positive that Attorney Kroub concealed a preexisting agreement with former counsel for ACI to postpone all discovery. Strictly read, however, the exchange in question did not go that far, for it merely extended the deadline for completing discovery without ruling out the possibility of service

6

before said deadline.  In any event, Attorney Chen did not even know about that email exchange until much later and could in no way have relied on it (*see* Tr. 99:8–99:20) — indeed, he effectively repudiated the preexisting agreement by objecting to the extension request in Sentegra's proposed letter to Judge Woods.

Turning to the March 18 email, Attorney Kroub never expressly said he would postpone *all* discovery.  The closest he came to it was saying "we assume neither side wants to expend resources on starting discovery now *to make sure we avoid issues with a September 2 deadline*" (emphasis added).  Strictly speaking, even this did not rule out the prospect of beginning discovery right away since, even with a longer timeframe, it might have been advisable to at least commence some fact discovery to ease the downstream burden.  Nevertheless, this order finds, as urged by ACI, that Attorney Kroub's March 18 email could have led a reasonable opponent to expect that Sentegra would postpone all fact discovery for at least a reasonable period if Judge Woods granted the requested extension.

That, however, is not the end of the story.

A representation like Sentegra's would often have led to an express agreement *by both sides* to postpone discovery contingent on Judge Woods granting the requested extension.  In this case, however, no such express agreement followed because Attorney Chen disagreed with the very premise of the proposal.  He counter-proposed an approach to commencing discovery.  This rejection and counterproposal relieved Attorney Kroub from any offer he had made.

Attorney Chen worked to keep his options open and have it both ways.  He expected that Sentegra, for its part, would postpone discovery if the extension came through, while ACI never bound itself to any reciprocal commitment to do likewise.  Specifically, Attorney Chen for ACI never agreed — orally or in writing — to refrain from immediately propounding his own discovery and, in fact, represented to Judge Woods (via Sentegra's letter) that an extension of fact discovery was ill-advised.  Thus, ACI remained free, notwithstanding the extension, to pursue its own discovery and even to do so right away (although it never actually did so).

That ACI now claims it "did not intend to serve, and did not serve, discovery requests on Sentegra" (Dkt. No. 114 at 5) is of no consequence.  The point is that ACI sought to keep

7

open its *option* to do so should its intentions shift. Regardless of whether ACI ever took advantage of that option, its deliberate avoidance of any express agreement to postpone discovery subverts its attempt to claim such an agreement now.

To show that it lacked "intention to serve discovery," ACI cites Chen Malin's billing invoices in its proposed findings (*ibid.*), but those invoices were not introduced as exhibits at the evidentiary hearing. Sentegra had no fair notice that ACI intended to rely on them or opportunity to conduct cross-examination thereon. The approach agreed upon for the hearing was "the record is the things that are in evidence plus the transcript" (Tr. 102:3–102:4). This order therefore declines to make findings based on Chen Malin's billing invoices.

Attorney Chen's testimony that the parties had a mutual "agreement" to postpone discovery is further belied by the absence of any contemporaneous reference to such an agreement even though perfect opportunities to reference it arose (*see, e.g.*, PX 4, 20). Attorney Chen attempted to explain away this anomaly by testifying that he was unable to locate the crucial March 18 email until his firm "did an exhaustive canvas of the emails and . . . found it" while preparing ACI's sanctions motion. To be generous, this is not credible — especially since he complained about Sentegra's discovery requests to Attorney Kroub on April 12 and 14 "based on [his] recollection of the call and the email" but did not utilize that same recollection to either remind Attorney Kroub of the purported agreement on March 24 or raise the issue with Judge Woods on April 15 (*see* Tr. 15:17–16:13, 16:22–17:19, 56:20–57:18).

The bottom line is that ACI asserted the existence of the purported agreement only when it became convenient to do so. For this reason as well, contrary to ACI, this order finds that no mutual agreement to postpone discovery ever formed between Attorneys Kroub and Chen.

After ACI opposed Sentegra's proposed letter and made its counterproposal for proceeding with discovery, Attorney Kroub's firm began working on the discovery requests in question. Was Attorney Kroub ethically obligated to disclose his plan? Some experienced lawyers might have done so simply for the sake of maintaining good relations, but he was not required to do so, given that Attorney Chen had spurned the proposal in his March 18 email.

8

Since ACI never committed to postponing discovery and instead sought to keep its options open, Sentegra was free to do likewise and to propound discovery whether or not Judge Woods granted its requested extension.

It is hard to see, moreover, how ACI relied to its detriment on Sentegra's "deception." ACI claims it would have objected even more strenuously to Sentegra's extension request had it known of Sentegra's plan to propound discovery right away. But ACI's objection at the time — namely, that Sentegra's request was "not well-founded" — *was* faithfully communicated to Judge Woods (PX 11), so ACI's present point necessarily reduces to saying it would have objected even more. What more could have been said? A mystery. A more aggressive opposition, it bears recognizing, could only have cut in favor of keeping the preexisting discovery schedule, which would have led to Sentegra propounding the same discovery requests at the same time anyway.

If ACI had wanted to nail down a firm agreement to postpone discovery, it should have expressly insisted on a clear-cut agreement instead of trying to keep its options open and have it both ways. The worst that can be said of Attorney Kroub is that he allowed Attorney Chen to expect that Sentegra would lie dormant once the extension was granted, all the while planning to surprise ACI with voluminous discovery requests as soon as the extension came through. Yet this maneuver violated no representation that Attorney Kroub was bound to honor.

In sum, Attorney Kroub led Attorney Chen to believe Sentegra would continue to postpone discovery if Judge Woods granted the requested extension. Attorney Chen, on the other hand, could have nailed down an express agreement yet never did so in an effort to keep his own options open on the discovery front. Instead, he objected to Sentegra's proposal and counter-proposed an approach to commencing discovery. It is now too slick by half for Attorney Chen to re-characterize this record as an agreement when, in fact, he himself studiously avoided committing to any such agreement. ACI's accusation that Attorney Kroub violated some agreement between counsel is thus unsupported by the record.

\*    \*    \*

9

Whether to impose inherent power sanctions is "a determination that rests in the sound discretion of the district court." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Similarly, a district court's award of sanctions under 28 U.S.C. 1927 is reviewed for abuse of discretion. *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015).

Here, the discovery conduct in question does not warrant sanctions under either Section 1927 or inherent power. As stated, this record does not support finding that ACI and Sentegra actually had an agreement to postpone discovery if Judge Woods granted the latter's April 1 extension request, or even that ACI suffered prejudice as a result of its reliance on Sentegra's "deception." Thus, Sentegra did not unreasonably and vexatiously multiply the proceedings.

\*       \*       \*

ACI's remaining arguments in support of its sanctions motion — that Sentegra brought a baseless lawsuit and chose an inconvenient venue — are likewise unsupported by this record.

As to the first argument, ACI's underlying contentions — that it did not infringe Sentegra's patent and the patent is invalid in any case (Dkt. No. 88 at 10) — are legal conclusions that must be proven on the merits. If ACI wanted a finding that Sentegra's case lacked merit, then it should have asserted a counterclaim for declaratory relief to keep the case alive. Instead, ACI now wants to use a sanctions motion as a vehicle to essentially litigate a voluntarily-dismissed civil action on the merits to establish that ACI would have won had the case gone the distance. Given our thin record, this could only be done after discovery on the merits and enormous satellite litigation. Life is too short for that kind of exercise. ACI has no one but itself to blame for failing to file a counterclaim. The record on this motion does not suffice to demonstrate that Sentegra's lawsuit was baseless.

ACI's last criticism is that Sentegra chose an inconvenient venue for its lawsuit. This is similarly unavailing. When this case was in New York, ACI moved to dismiss for improper venue or to transfer venue to our district (Dkt. No. 31). Subsequently, however, and in light of a Federal Circuit decision issued in the interim, ACI voluntarily withdrew the part of its motion seeking dismissal for improper venue (Dkt. No. 61). Having withdrawn that argument, ACI now seeks to resurrect it in the guise of a sanctions motion.

If ACI wanted a finding of improper venue, it should have stuck to its guns and obtained a ruling to that effect in New York. Now, ACI is reduced to arguing that Sentegra should be sanctioned because, although it chose a permissible venue, its *motivation* in doing so was to obtain strategic advantage. If such chasing of windmills were allowed, there would be no end to resulting motions to dismiss, even demands for depositions of counsel, leading to massive satellite litigation aimed at showing an objectively permissible step was corrupted by a subjectively strategic reason. The short answer here is that, at least on this record, Sentegra's venue selection in this action was permissible and the Court will not, on this sanctions motion, investigate and scrutinize Sentegra's reasons for selecting among available venues. *See* 28 U.S.C. 1391(c)(2), 1400(b); *In re TC Heartland LLC*, 821 F.3d 1338, 1340–41 (Fed. Cir. 2016); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Even if the *TC Heartland* decision, which is pending review by the Supreme Court, is ultimately reversed, the fact will remain that Sentegra's choice of venue was permitted under the prevailing law at the time that it was made.

For the foregoing reasons, ACI's motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11